UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MIEDEL,

                            Plaintiff,

v.

NORTH STAR RECOVERY,
LLC,

                            Defendant.

Case No. 25-11059
Honorable Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

**ORDER OVERRULING DEFENDANT'S OBJECTIONS (ECF NO. 33),
ADOPTING THE REPORT AND RECOMMENDATION (ECF NO. 31),
DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 13), AND
DENYING PLAINTIFF'S MOTION TO STRIKE (ECF NO. 28)**

## I.    Introduction

Plaintiff David Miedel ("Miedel"), proceeding pro se, filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, against defendant North Star Recovery, LLC ("North Star"). ECF No. 1. Miedel alleges North Star violated the FDCPA, as well as various Michigan state statutes, when it wrongfully seized a vehicle from his property. *Id.* This case was referred to the assigned magistrate judge for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6.

Page **1** of **9**

North Star filed a motion to dismiss Miedel's complaint, which was fully briefed, Miedel requested leave to file a sur-reply, which was granted, and North Star filed a response to the sur-reply. Miedel moved to strike North Star's response to the sur-reply, and North Star filed a response to the motion to strike. ECF Nos. 13, 15, 16, 24, 27, 28, 30. Miedel also filed various notices, an exhibit, and a statement. ECF Nos. 17-22, 26. The magistrate judge issued a Report and Recommendation ("R&R"), recommending denial of North Star's and Miedel's motions. ECF No. 31. North Star filed timely objections to the R&R, Miedel filed a response[1], and North Star filed a reply. ECF Nos. 33, 36, 37.

## II.   Standard of Review

Under Federal Rule of Civil Procedure 72(b)(2), a party may object to and seek review of a magistrate judge's report and recommendation. Any objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a

---

[1] The Court notes that Miedel did not object to the R&R's recommendation that his motion to strike be denied.

review of the evidence before the magistrate judge and a court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, a court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). In other words, objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform

identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* Accordingly, when an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.,* 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017)).

## I.    Analysis

North Star filed two objections. Several of North Star's citations do not comply with basic citation form requirements, including the omission of pincites or the failure to provide complete citation information. The Court has nevertheless considered the objections on their merits. Because the objections overlap each other and ultimately concern whether a breach of the peace occurred, the Court will address them together.

## A. Objections 1 & 2

North Star objects to the R&R's conclusion that it unlawfully trespassed when it entered Miedel's property to seize a vehicle. As argued by North Star in its motion to dismiss, "[a] repossession agency generally has license to enter property to repossess collateral." ECF No. 13, PageID.119. But even the authority North Star invokes—Carolyn Carter's *Repossessions*—recognizes the limit to this privilege: "once the debtor objects and instructs the creditor to leave the premises, the creditor becomes a trespasser." *See* Carolyn L. Carter, *Repossessions* § 6.4.4.3 at 226 (7th ed. 2010). That limitation frames the dispute. The question is not whether repossessors enjoy some initial privilege of entry. They do. The question is when that privilege terminates, and whether it survives a debtor's verbal objection.

Michigan law supplies the governing principle but not the precise answer. In *Vial v. Hofen*, the court recognized a limited common-law privilege: a repossessor who retakes collateral without breaching the peace is not a trespasser. 106 Mich 160, 162 (1895). That principle now appears in statutory form. MCL § 440.9609(2). Thus, the central question for the Court is, does a repossessor's disregard of a verbal objection constitute

Page **5** of **9**

breach of the peace in the context of a repossession agent's entry onto property in pursuit of collateral? North Star says no but concedes that Michigan courts have not directly defined the term "breach of the peace" and instead have left the definition for continuing development by the courts. ECF No. 33, PageID.231, 240. It further argues that because no breach of the peace occurred, Miedel's claims for breach of the peace and trespass must fail.

The R&R properly looks to persuasive authority, particularly *Hensley v. Gassman*, 693 F.3d 681 (6th Cir. 2012), and *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674 (E.D. Mich. 2010). The *Hensley* court surveyed other jurisdictions and observed that an objection alone may constitute breach of the peace. 693 F.3d 681, 690 n.7 (6th Cir. 2012). The *Alexander* court, while declining to adopt a categorical rule, held that a material question of fact existed as to whether a breach of the peace had occurred. *Alexander*, 731 F. Supp. 2d at 680-81. Together, these cases point in one direction: a debtor's objection is not trivial. It is often dispositive.

North Star asserts that there are "many and diverse states where the peace is not breached upon a verbal objection of a defaulted debtor . . . ."

ECF No. 33, PageID.236-37. But only three of nine cases cited by North Star to support this proposition are from this century. *Id.* Further, several of the cited cases do not say what North Star claims. *See Salisbury Livestock Co. v. Colo. Cent. Credit Union*, 793 P.2d 470, 475 (Wyo. 1990) ("Confrontation or violence is not necessary to finding a breach of the peace."); *See Clarin v. Repossessors, Inc.*, 198 F.3d 661, 664 (8th Cir. 1999) (stating that plaintiff protested the repossession but then relented and finding this indicated constructive consent); *See Rand v. Porsche Fin. Servs.*, 216 Ariz. 424, 433 (Ariz. App. Ct. 2007) (analyzing whether self-help repossession imposes a nondelegable duty to avoid breaching the peace and not whether objection alone constitutes breach of the peace).

With no controlling decision from the Michigan Supreme Court, the Court must predict how that court would rule. The Court's own review of other jurisdictions shows that most courts have found an objection alone breaches the peace. Carolyn L. Carter, *Repossessions* § 6.4.4 n.270 (11th ed. 2025). At bottom, nonjudicial repossession is an "inherently dangerous activity." *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 n.2 (Tex. 1992). Accepting an oral objection as sufficient to stop a nonjudicial repossession is a more prudent rule than the alternative because it reduces

the possibility of violence from either the creditor or debtor. *See Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 226-27 (D. Conn. 2014). Put another way, the law should not reward brinkmanship. Accordingly, the Court concludes that a verbal objection alone is sufficient to constitute breach of the peace and North Star's objections are overruled.

## II.      Conclusion

For these reasons, the Court **OVERRULES** North Star's objections, ECF No. 33, and **ADOPTS** the R&R, ECF No. 31, as the findings and conclusions of the Court. Accordingly, the Court **DENIES** North Star's motion to dismiss, ECF No. 13 and **DENIES** Miedel's motion to strike, ECF No. 28.

Miedel's claims against North Star shall proceed to trial, however, as noted in the R&R, the vehicle seized is owned by DWM Revocable Trust,. and a trust must be represented by an attorney. Accordingly, Miedel shall have **30 days from the entry of this order** to obtain counsel to represent the Trust at issue. Counsel for the Trust, and Miedel, must appear for a video Status Conference set for **May 5, 2026 at 12:00 p.m.** If Miedel is unable to retain counsel to appear on behalf of the Trust, this case will be dismissed without prejudice.

**IT IS SO ORDERED.**

                                                    s/ Shalina D. Kumar
                                              SHALINA D. KUMAR
Dated: March 30, 2026                         United States District Judge